```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

EARL E. BRAMHALL,                 )   **ORDER TO SHOW CAUSE**
                                  )   **& MEMORANDUM DECISION**
          Petitioner,             )
                                  )   Case No. 2:09-CV-837 CW
     v.                           )
                                  )   District Judge Clark Waddoups
STATE OF UTAH et al.,             )
                                  )
          Respondents.            )
_____
```

Petitioner, inmate Earl E. Bramhall, filed a habeas corpus petition, *see* 28 U.S.C.S. § 2254 (2010), in which he attacks his pretrial detention on state criminal charges. The latest facts known by the Court, as set forth in the petition, show that Petitioner is awaiting trial.

If this remains so, the Court would infer that Petitioner filed here knowing he had not yet exhausted his state remedies as to his federal claims. Indeed, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all available remedies in the Utah courts. *See id.* § 2254 (b) & (c); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 92 S. Ct. at 512-13. Moreover, "the pending state action might result in [failure to convict], mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist.

LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). Based on failure to exhaust, then, this federal petition appears to be barred because of Petitioner's pending criminal case.[1]

A related ground for denying this federal petition may be the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994)(quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982)).

Applying the analysis here, the Court first determines based on the information in the petition that there is very likely a pending state judicial proceeding. Second, although habeas cases

---

[1] This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when Petitioner's claims seem to require development of a record and fact finding determinations. *See Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349 (10th Cir. Mar. 21, 2000) (unpublished).

are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'"  *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432).  Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest.  *Id.*  Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court.  In fact, as explained above, by federal statute, he *must* raise his challenges in state court first before bringing them here.  *See* 28 U.S.C.S. § 2254 (b) & (c) (2010); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

    Accordingly, IT IS HEREBY ORDERED that Petitioner must within thirty days SHOW CAUSE why his § 2254 petition should not be dismissed under the exhaustion and abstention doctrines.

    DATED this 29th day of July, 2010.

        BY THE COURT:

        _____
        CLARK WADDOUPS
        United States District Judge